IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

NO. 5:10-CT-3082-FL

JOHNNY LEE LEONARD,                    )
                                       )
            Plaintiff,                 )
                                       )
    v.                                 )          ORDER
                                       )
NORTH CAROLINA DEPARTMENT              )
OF CORRECTION; DR. OWENS; and          )
DR. MICKLAS,                           )
                                       )
            Defendants.                )

The matter comes before the court on the motion to dismiss pursuant to Federal Rule of Civil

Procedure 12(b)(6) filed on January 18, 2011, by defendant North Carolina Department of Correction

("DOC") (DE # 28). Also before the court are plaintiff's four motions to appoint counsel, filed

March 2, March 18, March 28, and March 31, 2011 (DE ## 35, 43, 44, 45). No party has filed a

response to any of these motions, and the time allotted by the Federal Rules of Civil Procedures and

this court's local rules has expired. For the following reasons, the court grants DOC's motion to

dismiss and denies plaintiff's motions to appoint counsel.

## STATEMENT OF THE CASE

On May 28, 2010, plaintiff brought this action pursuant to 42 U.S.C. § 1983, alleging that

defendants acted with deliberate indifference to his medical care in violation of the Eighth

Amendment of the United States Constitution. In addition to DOC, he named "Dr. Owens" (whose

full name is Robert Owens) and "Dr. Micklas" (whose name is in fact Donald Miklos) as defendants. The individual defendants filed answers to the complaint. DOC, as noted, moved to dismiss.

## DISCUSSION

A.    Motions to Appoint Counsel

Plaintiff filed four motions to appoint counsel. There is no constitutional right to counsel in civil cases, and courts should exercise their discretion to appoint counsel for pro se civil litigants "only in exceptional cases." Cook v. Bounds, 518 F.2d 779, 780 (4th Cir. 1975). The existence of exceptional circumstances justifying appointment of counsel depends upon "the type and complexity fo the case, and the abilities of the individuals bringing it." Whisenant v. Yuam, 739 F.2d 160, 163 (4th Cir. 1984), abrogated on other grounds by Mallard v. U.S. Dist. Court for the S. Dist. of Iowa, 490 U.S. 296 (1989) (quoting Branch v. Cole, 686 F.2d 264 (5th Cir. 1982)); see also Gordon v. Leeke, 574 F.2d 1147, 1153 (4th Cir. 1978) ("If it is apparent . . . that a pro se litigant has a colorable claim but lacks capacity to present it, the district court should appoint counsel to assist him.").

In this case, plaintiff asserts the interest of justice requires appointment of counsel because he is mentally and physically disabled. Plaintiff, however, has not demonstrated that he has a colorable claim. Additionally, plaintiff's *pro se* pleadings are clear, and reflect that he has the capacity to proceed with this action without the appointment of counsel. Based upon the foregoing, the undersigned finds that this case does not require appointment of counsel. Thus, plaintiff's motions to appoint counsel are DENIED.

2

B.   Motion to Dismiss

    1.   Standard of Review

A motion to dismiss under Rule 12(b)(6) determines only whether a claim is stated; "it does not resolve contests surrounding the facts, the merits of a claim, or the applicability of defenses." Republican Party v. Martin, 980 F.2d 943, 952 (4th Cir. 1992). A claim is stated if the complaint contains "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.' " Ashcroft v. Iqbal, 556 U.S. ----, 129 S.Ct. 1937, 1949 (2009) (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007)). In evaluating whether a claim is stated, "[the] court accepts all well-pled facts as true and construes these facts in the light most favorable to the plaintiff," but does not consider "legal conclusions, elements of a cause of action, . . . bare assertions devoid of further factual enhancement[,] . . . unwarranted inferences, unreasonable conclusions, or arguments." Nemet Chevrolet, Ltd. v. Consumeraffairs.com, Inc., 591 F.3d 250, 255 (4th Cir. 2009) (citations omitted). In other words, this plausibility standard requires a plaintiff to articulate facts, that, when accepted as true, demonstrate that the plaintiff has stated a claim that makes it plausible he is entitled to relief. Francis v. Giacomelli, 588 F.3d 186, 193 (4th Cir. 2009) (quoting Iqbal, 129 S.Ct. at 1949, and Twombly, 550 U.S. at 557).

    2.   Analysis

DOC asserts that it should be dismissed from this action because it is entitled to sovereign immunity. The Eleventh Amendment bars suits against a state or its agencies, unless the state has waived its immunity, or Congress has exercised its power under section 5 of the Fourteenth Amendment to override that immunity. See Will v. Michigan Dep't of State Police, 491 U.S. 58, 66 (1989); Gray v. Laws, 51 F.3d 426, 430 (4th Cir. 1995). Congress has not imposed section 1983

3

liability upon states, and "North Carolina has done nothing to waive its immunity." Bright v. McClure, 865 F.2d 623, 626 (4th Cir. 1989). Additionally, arms of the state, such as the DOC, are not persons for the purposes of § 1983. See Weller v. Dep't of Soc. Servs. for the City of Baltimore, 901 F.2d 387, 396 (4th Cir. 1990) (citing Will, 491 U.S. 58). Accordingly, the DOC is entitled to sovereign immunity, and its motion to dismiss is GRANTED.

## CONCLUSION

For the foregoing reasons, DOC's motion to dismiss (DE # 28) is GRANTED and plaintiff's motions to appoint counsel (DE ## 35, 43, 44, 45) are DENIED.

SO ORDERED, this the 2nd day of June, 2011.

LOUISE W. FLANAGAN
Chief United States District Judge